Argued and submitted July 6, reversed and referee's order reinstated October 7, 1987

In the Matter of the Compensation of
Cathie R. Judd, Claimant.

JUDD,
*Petitioner,*

*v.*

PENDLETON WOOLEN MILLS,
*Respondent.*

(WCB 85-05063; CA A41994)

743 P2d 751

Robert Wollheim, Portland, argued the cause for petitioner. With him on the brief was Welch, Bruun & Green, Portland.

Allan M. Muir, Portland, argued the cause for respondent. With him on the brief were Delbert J. Brenneman and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee's determination that she was entitled to medical benefits for nondisabling back pain.

Claimant worked as a spooler for Pendleton Woolen Mills from 1966 to 1974 and from 1977 to the present. On February 13, 1985, she attempted to move a yarn basket weighing 600 pounds and immediately thereafter experienced mid- to low back pain. A few days later, because the pain had persisted, she went to see Dr. Scott, a chiropractor. Under his supervision, she wore a back brace for two weeks and underwent manipulations several times a week. She did not, however, miss time from work. In Scott's opinion, claimant was suffering from acute lumbrosacral sprain or strain, sciatica, thoracic sprain or strain and subluxation of the thoracic vertebrae. He stated in a report on May 31, 1985, that "in all probability" her condition was attributable to her 1985 injury.

Employer requested an examination by Dr. Howell, who had previously treated claimant over a two-month period in 1981 for a work-related back strain. In his report, Howell stated that claimant's recovery from the 1981 strain had been delayed due to a somatization disorder. In his view, muscle strain is characterized by specific physical abnormalities, such as areas of spasm and motion restriction. In examining claimant, he found no motion restriction. He did note a muscle spasm in the second thoracic segment, which produced no pain when compressed and was distant from the area of reported pain. He also noted muscle spasms in the cervical area "not thought to represent the presence of a pathological condition and not thought to be related to [claimant's] occupational activity at Pendleton Woolen Mills or the described incident."

Howell stated that claimant's condition was medically stationary with regard to the effects of her occupational activity. He concluded that "the possibility of psychological factors playing a significant role, as were identified during her 1981 low back complaints, could not be excluded and are considered to be a moderate possibility." Howell disputed Scott's diagnoses and testified that to conclude reasonably that claimant had suffered an injury in February, 1985, would

require the identification of objective physical abnormalities. He testified on cross-examination that it is possible that claimant had had physical abnormalities which had resolved between the time of the incident and his examination two months later, but that in that case he would also have expected a significant reduction in symptoms.

We do not find either medical opinion persuasive. Scott did not explain or state whether his diagnosis was based on objective findings. Howell, on the other hand, emphasized the need for objective findings but treated muscle spasms as inconsequential. He noted a "moderate possibility" that psychological factors play a role in claimant's present symptoms, but he did not deny that claimant had experienced pain from her activities on the job. He implicitly acknowledged that there was an "incident" on February 13, 1985, when he reported that he considered her condition to be medically stationary "with regard to the effects of her occupational activity."

The referee stated that claimant was a credible witness. She testified that, although she had experienced back pain in the past, it had resolved by 1982. She testified that her present back pain was the immediate consequence of the February, 1985, incident. Even if, as Howell suggests, the continuation of her symptoms is psychosomatic, that does not defeat compensability. *Barrett v. Coast Range Plywood,* 294 Or 641, 661 P2d 926 (1983). We conclude that claimant's undisputed evidence regarding the onset of pain after the February, 1985, incident is sufficient to make her claim compensable. *See Davis v. SAIF,* 63 Or App 245, 662 P2d 803 (1983).

Reversed; referee's order reinstated.